843 F.2d 1388
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Richard Lee COLZIE, Defendant-Appellant.
 No. 87-5147.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 26, 1988.
Decided: April 6, 1988.
 
 (William G. Otis, Assistant U.S. Attorney; Justin W. Williams, U.S. Attorney; Kenneth E. Melson, Assistant U.S. Attorney, on brief), for appellant.
 (William B. Moffit; Thomas Rawles Jones, Jr.; Lisa Bondareff Kemler; Moffit & Jones, on brief), for appellee.
 Before HARRISON L. WINTER, Chief Judge, CHAPMAN, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This matter is before the court for the third time, but since the issue presented has been already decided by us in this litigation, we grant the petition to rescind the briefing schedule and we affirm the present judgment of the district court for the reason set forth in United States v. Colzie, No. 85-5254, decided April 20, 1987.
 
 
 2
 The appellant was stopped at the Washington National Airport on September 4, 1985, after he had deplaned from a Miami flight. Appellant was arrested and cocaine was found in his luggage. The appellant made a successful motion to suppress the evidence taken at the time of the arrest. The government appealed and we remanded the case to the district court with instructions to make a finding of fact as to whether the appellant had consented to the search of his luggage. On November 25, 1986 the district court found that the appellant had not consented to the search of his luggage and there was not probable cause for appellant's arrest. The government appealed and in our opinion filed April 20, 1987 No. 85-5254 we concluded that there was probable cause for the arrest and that the cocaine found in appellant's baggage in the course of a search incident to the valid arrest was admissible in evidence.
 
 
 3
 On June 19, 1987 appellant was found guilty by the district court of possession with intent to distribute cocaine, and pursuant to an agreement with the government, the appellant reserved his right to appeal to the United States Supreme Court. The issue he wishes to present to the Supreme Court is the issue that was presented to us and decided by us in 85-5254.
 
 
 4
 Appellant has moved to rescind the normal briefing schedule and oral argument and has asked the court to affirm the conviction for the reasons expressed in our opinion in No. 85-5254.
 
 
 5
 The only issue presently presented is the same issue that we have already decided, and it would serve no useful purpose to have this point argued again.
 
 
 6
 It is therefore ordered that the motion to rescind the briefing schedule is granted and the appellant's conviction is affirmed because we find the search of the appellant was instant to a valid arrest for the reason set forth in our opinion in 85-5254.
 
 
 7
 AFFIRMED.